# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1782V**

ZIYAD N. OMAR, as Parent and Natural Guardian of M.Z.O., an infant,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: August 28, 2026

*Matthew F. Belanger, Faraci Lange, LLP, Rochester, NY, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 11, 2023, Ziyad N. Omar filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of her his minor child, M.Z.O. Petitioner alleges that M.Z.O. suffered a shoulder injury related to vaccine administration ("SIRVA") following a Tdap vaccination she received on December 8, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 5, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for M.Z.O's SIRVA. On August 27, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $82,500.00 for pain and suffering, plus $300.00 for past unreimbursed expenses, plus $552.56 to satisfy a State of New York Medicaid lien. Proffer at 2. In the Proffer, Respondent represented

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $82,500.00 (for pain and suffering), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner as guardian/conservator of the estate of M.ZO., for the benefit of M.Z.O.**

- **A lump sum payment of $300.00 (for past unreimbursed expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

- **A lump sum payment of $552.56, representing compensation for satisfaction of the State of New York Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to: New York State Department of Health, P.O. Box 415874, Boston, MA 02241-5874.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ZIYAD N. OMAR, as Parent and Natural Guardian of M.Z.O.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-1782V<br>Chief Special Master Corcoran<br>SPU |

**PROFFER ON AWARD OF COMPENSATION**[1]

On October 11, 2023, Ziyad Omar ("petitioner"), as parent and natural guardian of M.Z.O., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* ("Vaccine Act" or "Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that M.Z.O. suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus diphtheria acellular-pertussis ("Tdap") vaccine administered on December 8, 2020. Petition ("Pet.") at 1. On July 26, 2024, respondent filed a Rule 4(c) report, recommending that compensation be denied based on petitioner's failure to show that MZO's shoulder pain was limited to the arm in which the vaccine was given. ECF Doc. 27. On January 5, 2026, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation. ECF Docs. 34-35.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

the following:

A. Pain and Suffering

Respondent proffers that petitioner, for the benefit of M.Z.O., should be awarded a lump sum of **$82,500.00** for pain and suffering. *See* 42 U.S.C. §300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses on behalf of M.Z.O., related to M.Z.O.'s vaccine injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$300.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. Medicaid Lien

Respondent further proffers that petitioner should be awarded funds to satisfy a state of New York Medicaid lien in the amount of **$552.56**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of New York may have against any individual as a result of any Medicaid payments that the state of New York has made to or on behalf of M.Z.O. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about December 8, 2020, under Title XIX of the Social Security Act. Petitioner agrees.

These amounts represent all elements of compensation to which petitioner, on M.Z.O.'s behalf, is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner on behalf of M.Z.O. should be made through three lump sum payments as described below, and request that the Chief

Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of **$82,500.00** paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of the estate of M.Z.O., for the benefit of M.Z.O.[3]

B. A lump sum payment of **$300.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

C. A lump sum payment of **$552.56**, representing compensation for satisfaction of the state of New York Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

New York State Department of Health
P.O. Box 415874
Boston, MA 02241-5874

Petitioner agrees to endorse this payment to the New York State Department of Health.

## III. Summary of Recommended Payments Following Judgment

A. Lump sum to petitioner, as guardian/conservator of the estate of M.Z.O. for the benefit of A.D., via ACH deposit: **$82,500.00**

B. Lump sum to petitioner, via ACH deposit: **$300.00**

---

[2] Should M.Z.O. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

[3] Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of M.Z.O.'s estate under the laws of the State of New York. Respondent will not make any payment until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of M.Z.O.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.Z.O., any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of M.Z.O. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the state of New York after M.Z.O. has attained the age of majority, any such payment shall be paid to M.Z.O. upon submission of written documentation of the termination of guardianship to the Secretary.

C. Medicaid lien payment, via ACH deposit: **$552.56**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JAMES V. LOPEZ
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.: (202) 305-0660
mallori.b.openchowski@usdoj.gov

DATED: August 27, 2026

**CERTIFICATE OF SERVICE**

I certify that today, August 27, 2026, a copy of the foregoing pleading was served by electronic mail to Matthew Belanger at mbelanger@faraci.com.

/s/ *Mallori B. Openchowski*